**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MU'MIN ABDULAZIZ,                                                                                    PLAINTIFF
a/k/a Frank Askew, Jr., ADC #82276

v.                                    NO. 1:16CV00042 JLH/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction, et al.                                            DEFENDANTS

**OPINION AND ORDER**

Mu'Min Abdulaziz, who is also known as Frank Askew, Jr., is a prisoner in the North Central Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 substituted complaint and two applications to proceed *in forma pauperis.*

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* if he "has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on April 27, 2016, Abdulaziz filed at least four cases that were dismissed for failing to state a claim upon which relief may be granted. *See Askew v. Tucker*; 5:93CV00522; *Askew v. Doe*; 4:93CV00831; *Askew v. Casey*; 5:94CV00776; *Askew v. Norris*; 2:09CV00165. Nevertheless, Abdulaziz may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g). To satisfy that exception, a prisoner must plead facts suggesting that he was in imminent danger of serious physical injury "*at the time of filing*" the complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)

(emphasis in the original).  "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . ." *Id.*

Abdulaziz alleges that, six to seven months before he filed this lawsuit, defendants failed to protect him from white supremacist inmates who sexually assaulted him and threatened him with a knife.  Document #7 at 5.  However, Abdulaziz concedes that, *sometime prior to filing this lawsuit,* he was transferred to isolation and away from those inmates.  *Id.* at 7.  Because Abdulaziz is no longer in imminent danger of being harmed by those prisoners, he cannot proceed *in forma pauperis* on this failure to protect claim.

Abdulaziz contends that defendants have refused to process his grievances, seized his personal property, destroyed his legal documents, withheld his mail, racially discriminated against him, and convicted him of retaliatory disciplinary charges.  *Id.* at 5.  None of those claims place Abdulaziz in imminent danger of serious physical injury.  Thus, he must pay the filing fee in full if he wishes to pursue them.

Abdulaziz alleges that, approximately one month before he began this action, he found mercury in his breakfast tray.  *Id.* at 6.  Allegedly, defendants did not take Abdulaziz's complaints of food contamination seriously.  *Id.*  Thus, to protect himself, Abdulaziz began a self-imposed "hunger and medication strike," which has resulted in him losing eighteen pounds and having "unrecorded" seizures.  *Id.* at 7.  Abdulaziz, who claims to be a member of ISIS, Document #9 at 4, also threatens to start a riot, attack prisoners and guards, or hurt himself if he is not transferred out of the North Central Unit.  Document #7 at 7.

Even if a prisoner or guard put mercury in Abdulaziz's food, a single incident of food contamination does not rise to the level of a constitutional violation, and while Abdulaziz argues that

he would have died if he had ingested the mercury, allegations of past imminent danger are insufficient to overcome 28 U.S.C. § 1915(g). *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Here, Abdulaziz is *deliberately* attempting to place himself in imminent danger by refusing to eat or take his medication. Allowing a prisoner to circumvent the three-strikes provision in such a fashion would clearly be contrary to the purpose of the Prison Litigation Reform Act.

Finally, Abdulziz alleges that defendant Sergeant Jeffery Baumgardner called him a "smart-ass nigger," told him to "watch what he eats," and declared that "if it was up to him, he would take all Muslims in prison and writ writers and send them out to be shot the hell up." Document #7 at 8. Verbal insults and threats, although morally reprehensible, generally do not rise to the level of a constitutional violation. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). Verbal threats, however, may be enough when the threat rises to the level of a "wanton act of cruelty," so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99-100 (8th Cir. 1986) (finding a viable constitutional claim when a prison guard "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death"). Furthermore, Baumgardner allegedly said what he thought *should be* done to Abdulaziz, and not what he actually intended to do. Document #7 at 8. Baumgardner's alleged threats, although offensive and certainly unprofessional, do not satisfy the imminent danger to the three strikes rule.

IT IS THEREFORE ORDERED THAT:

1. Abdulaziz's applications to proceed *in forma pauperis* are DENIED pursuant to 28 U.S.C. § 1915(g). Documents #1 and #6.

2. This case is dismissed without prejudice.

   3.  If Abdulaziz wishes to pursue any of the claims raised in his substituted complaint he must, within thirty days of the entry of this order, file a motion to reopen and pay the $350 filing fee in full.

   4.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order of dismissal and the accompanying judgment would not be taken in good faith.

  IT IS SO ORDERED this 28th day of September, 2016.

 

*[signature: J. Leon Holmes]*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE